# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| **JEFFREY HENDRICKS**<br>An Individual,<br><br>           Plaintiff,<br><br>v.<br><br>**MATTHEW T. RIOS**, Individually and<br>in his official capacity as Police Officer for<br>the City of Portsmouth, Virginia<br><br>**and**<br><br>**ANTHONY J. CALLAHAN, JR.**,<br>Individually and<br>in his official capacity as Police Officer for<br>the City of Portsmouth, Virginia<br><br>           Defendants. | Civil Action No. 2:20-cv-244<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Jeffrey Hendricks ("Mr. Hendricks" or "Plaintiff"), by counsel, hereby alleges the following causes of action:

### INTRODUCTION

1. This matter arises from the unlawful criminal prosecution of Plaintiff, Jeffrey Hendricks, for the felony assault and battery of a law enforcement officer pursuant to §18.2-57, a class 6 felony punishable by a mandatory minimum term of confinement of not less than six (6) months, and for the misdemeanor assault and battery of Mr. Hendricks's mother pursuant to §18.2-57, a class 1 misdemeanor

punishable by a mandatory minimum term of confinement of not less than thirty (30) days.

2. Officer Matthew T. Rios instituted criminal proceedings against Plaintiff, wholly without probable cause, upon false, incomplete, and misdirected information provided to the Assistant Commonwealth Attorney and Magistrate, with actual malice, reckless disregard for Plaintiff's rights, and intent to injure Plaintiff.

3. In addition, Officer Anthony J. Callahan, Jr. corroborated Officer Rios's false information to the Assistant Commonwealth Attorney and Magistrate with actual malice, reckless disregard for Plaintiff's rights, and intent to injure Plaintiff.

4. On August 27, 2018, the criminal prosecution of the charges against Plaintiff terminated favorably for Plaintiff by *nolle prosequi*.

**PARTIES**

5. Plaintiff, Jeffrey Hendricks ("Mr. Hendricks" or "Plaintiff"), is a natural person and a citizen of North Carolina, residing in Charlotte, North Carolina.

6. Defendant Matthew J. Rios ("Officer Rios"), is a natural person and a citizen of the Commonwealth of Virginia, residing in Portsmouth, Virginia. At all relevant times, Officer Rios worked for the City of Portsmouth Police Department.

7. Defendant Anthony J. Callahan, Jr. ("Officer Callahan"), is a natural person and a citizen of the Commonwealth of Virginia, residing in Portsmouth, Virginia. At all relevant times, Officer Callahan worked for the City of Portsmouth Police Department.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over pursuant to 28 U.S.C.§ 1331 because Counts I and II arise under 42 U.S.C. § 1983, a law of the United States.

9. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000 and the dispute is between a citizen of North Carolina and a citizen of Virginia.

10. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims for assault and battery pursuant to 28 U.S.C. § 1367(a) because this claim is related to and forms the same case or controversy as Plaintiff's claims under 42 U.S.C. § 1983.

11. Venue for this action lies properly in the United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. § 1391, because the events giving rise to Plaintiff's claims occurred in the City of Portsmouth, Virginia, which is a territory included within those assigned to the Norfolk Division of the Eastern District of Virginia.

## FACTUAL BACKGROUND

12. On July 22, 2018, Mr. Hendricks arrived at 2010 Des Moines Avenue, Portsmouth, Virginia 23704, the home of bedridden mother, Dorothy Hendrick.

13. Upon his arrival, Mr. Hendricks engaged in conversation outside the home with his niece, Toni Lawrence, and ex-sister in law regarding his mother and deceased brother's personal property that was kept locked up.

14. Officer Rios approached the property and was greeted by the niece and sister in law whom he spoke to for a few minutes.

15. Officer Rios then approached Mr. Hendricks and asked him for the keys to the personal property. Mr. Hendricks informed Officer Rios that he did not possess the keys to the personal property.

16. Officer Rios then talked with the niece and sister in law a few more minutes, then approached Mr. Hendricks a second time demanding the keys.

17. Mr. Hendricks again informed Officer Rios he did not have the keys, but that his bedridden mother owned the property and might be able to help him locate them.

18. Mr. Hendricks then led Officer Rios into his mother's home.

19. At the entrance to his mother's bedroom, Officer Rios aggressively grabbed Mr. Hendricks's right hand, which caught Mr. Hendricks by surprise. Mr. Hendricks stated "what are you doing?" and instinctively pulled away while turning toward Officer Rios.

20. As he backed into his mother's bedroom, Mr. Hendricks tripped over the Hoya-lift and fell down.

21. Officer Rios immediately pounced onto Mr. Hendricks's back, grabbed his shoulder and kneed him in his neck and spine.

22. Officer Rios then grabbed Mr. Hendricks's arms and attempted to repeat knee him again. In self-defense, Mr. Hendricks turned away causing Officer Rios to shift over his shoulder.

23. Officer Rios then began grabbing and punching Mr. Hendricks repeatedly, who defended himself by rolling on the floor to attempt to avoid the blows.

24. After losing his breath, Officer Rios sat down on Dorothy Hendricks's legs which were on her bed.

25. Officer Rios threatened to spray Mr. Hendricks while sitting on the bed.

26. Officer Callahan then came into the bedroom and handcuffed Mr. Hendricks.

27. Officer Rios and Officer Callahan arrested Mr. Hendricks and transported him to Portsmouth City Jail where he was detained from July 22, 2018 until July 24, 2018.

28. Officer Rios and Officer Callahan filed charges of felony assault and battery of a police officer as well as misdemeanor assault and battery of Mr. Hendricks's bedridden mother Dorothy Hendricks against Mr. Hendricks.

29. Officer Rios and Officer Callahan provided false statements to the Portsmouth General District Court Magistrate alleging that Mr. Hendricks assaulted Officer Rios and Dorothy Hendricks in support of the charges against Mr. Hendricks.

30. Officer Rios and Officer Callahan also provided false statements to the Assistant Commonwealth's Attorney CaShea C. Coleman ("ACA Coleman") alleging that Mr. Hendricks assaulted Officer Rios and Dorothy Hendricks.

31. On August 27, 2018, based upon clear, obvious and indisputable evidence that Mr. Hendricks had never assaulted Officer Rios or Dorothy Hendricks,

ACA Coleman terminated the criminal prosecution of the charges against Plaintiff favorably for Plaintiff by *nolle prosequi*.

32. After concluding an investigation performed by the Professional Standards Bureau, Portsmouth Chief of Police Tonya Chapman informed Mr. Hendricks that Officer Rios "violated departmental rules, regulations and/or standards of conduct," and would be subject to disciplinary action.

33. Upon information and belief, Officer Rios was never charged with any crime for felonious assault and injury of Mr. Hendricks.

34. Mr. Hendricks has suffered permanent disability from the physical battery and use of excessive force by Officer Rios.

35. Mr. Hendricks has suffered severe emotional distress from the assault and battery, malicious prosecution and defamation caused by Officer Rios and Officer Callahan.

## STATEMENT OF CLAIMS

### COUNT I (against Rios and Callahan)
### Malicious Prosecution (42 U.S.C. § 1983)

36. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

37. At all material times, Officer Rios and Officer Callahan acted under the color of state law as officers for the City of Portsmouth Police Department.

38. Mr. Hendricks has a right against unreasonable seizures under the Fourth Amendment of the Constitution of the United States.

39. Officer Rios and Officer Callahan instituted criminal proceedings against Mr. Hendricks by swearing out a criminal complaint on July 22, 2018, and presenting such criminal complaint to the Portsmouth City Magistrate.

40. Pursuant to Officer Rios's and Officer Callahan's criminal complaint and presentation, the Portsmouth City Magistrate issued a felony arrest warrant pursuant to § 18.2-57 of the Code of Virginia for felony assault and battery of a police officer against Mr. Hendricks, a class 6 felony offense punishable by a term of imprisonment of not less than six (6) months.

41. Pursuant to Officer Rios's and Officer Callahan's criminal complaint and presentation, the Portsmouth City Magistrate issued a misdemeanor arrest warrant pursuant to § 18.2-57 of the Code of Virginia for misdemeanor assault and battery of Dorothy Hendricks against Mr. Hendricks, a class 1 misdemeanor punishable by a term of imprisonment of not less than thirty (30) days.

42. By all witness accounts, as well as the recordings from the body cameras of Officer Rios and Officer Callahan, Officer Rios initiated the physical assault and battery of Mr. Hendricks, who at no time attempted to physically defend himself from Officer Rios other than by covering his body from the continued strikes.

43. On information and belief, Officer Rios and Officer Callahan purposefully falsified information and important and material facts regarding the incident, for a reason other than a genuine desire to see justice done, to enforce the law, or to punish the guilty.

44. Officer Rios acted recklessly, with actual malice, and with a conscious disregard to the rights of Mr. Hendricks in pursuing the criminal charge against Mr. Hendricks.

45. Officer Callahan acted recklessly, with actual malice, and with a conscious disregard to the rights of Mr. Hendricks in pursuing the criminal charge against Mr. Hendricks.

46. The facts and circumstances known to Officer Rios and Officer Callahan, on which they acted, at the time they presented the criminal complaint to ACA Coleman and the Portsmouth City Magistrate were such that a reasonable and prudent person acting on the same facts and circumstances would not have believed Mr. Hendricks guilty.

47. Thereafter, on August 27, 2018, the charges against Mr. Hendricks were *nolle prosequi* on motion of the Commonwealth of Virginia, ending the criminal proceeding in a manner favorable to Mr. Hendricks.

48. As a result of the intentional and reckless actions of Officer Rios and Officer Callahan, Mr. Hendricks was unlawfully seized, arrested, and jailed in violation of the Fourth Amendment of the Constitution of the United States, pursuant to legal process that was not supported by probable cause.

49. Due to the malicious prosecution of Mr. Hendricks, Mr. Hendricks's Fourth Amendment rights to be free from unlawful seizure and arrest were violated and he suffered great physical injury, emotional and mental distress, attorneys' fees and costs, inconvenience, loss of enjoyment of life, humiliation, embarrassment,

mortification, shame, vilification, great personal trauma, stress, fear, worry, facing incarceration up to six (6) years, loss of freedom, suffered imprisonment for ? days, and injury to his good name and reputation.

### COUNT II (against Rios)
### Excessive Force (42 U.S.C. § 1983)

50. Plaintiff incorporates by reference and re-alleges each allegation set forth above.

51. At all material times, Officer Rios acted under the color of state law as an officer for the City of Portsmouth Police Department.

52. Mr. Hendricks has a right against unreasonable seizures under the Fourth Amendment of the Constitution of the United States.

53. After pulling Mr. Hendricks to the ground, Officer Rios pounced upon his back and repeatedly struck his knees into Mr. Hendricks's back.

54. Officer Rios's strikes to Mr. Hendricks's body, who did not make any attempt to strike back but merely tried to shield his own body from the damage, were objectively unreasonable under the circumstances.

55. At the time Officer Rios repeatedly kneed Mr. Hendricks, Officer Rios had no probable cause to believe Mr. Hendricks had committed any crime. Officer Rios had no basis to believe Mr. Hendricks posed any threat to the safety of himself or others. Mr. Hendricks was not under arrest, nor was Mr. Hendricks attempting to evade arrest.

56.     Officer Rios had no basis to use any kind of force against Mr. Hendricks, let alone the force he used jumping on Mr. Hendricks's back and striking him over and over.

57.     Officer Rios acted recklessly, with actual malice, and with a conscious disregard to the rights of Mr. Hendricks in using excessive force against him on July 22, 2018.

58.     The false charges raised against Mr. Hendricks were *nolle prosequi* on motion of the Commonwealth of Virginia, ending the criminal proceeding in a manner favorable to Mr. Hendricks.

59.     As a result of the excessive force used by Officer Rios Mr. Hendricks was unlawfully seized, arrested, and jailed in violation of the Fourth Amendment of the Constitution of the United States.

60.     Due to the excessive force used against Mr. Hendricks, Mr. Hendricks's Fourth Amendment rights to be free from unlawful seizure and arrest were violated and he suffered great physical injury, emotional and mental distress, attorneys' fees and costs, inconvenience, loss of enjoyment of life, humiliation, embarrassment, mortification, shame, vilification, great personal trauma, stress, fear, worry, facing incarceration up to six (6) years, loss of freedom, suffered imprisonment for ? days, and injury to his good name and reputation.

### COUNT III (against Rios)
### Assault and Battery

61.     Plaintiff incorporates by reference and re-alleges each allegation set forth above.

62. Rios aggressively intimidated Mr. Hendricks on the property on July 22, 2018. Rios's aggressive intimidation of Mr. Hendricks caused him apprehension of immediate harmful contact, resulting in injury to Mr. Hendricks.

63. Rios battered Mr. Hendricks by grabbing his hand and by striking physical blows to his body including repeated knees to his spine and neck. The batteries have caused permanent bodily injury to Mr. Hendricks.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor and against Officer Rios and/or Officer Callahan;

B. Declare the acts and practices complained of herein are in violation of his rights as secured by the Fourth Amendment of the Constitution of the United States, as enforced by 42 U.S.C. § 1983;

C. Award Plaintiff money damages for all pecuniary losses, including, but not limited to, legal expenses incurred and to be incurred;

D. Award Plaintiff money damages for Defendants' violation of Plaintiff's federal constitutional and civil rights, physical injury, mental and/or emotional distress, inconvenience, and humiliation and embarrassment in an amount not less than $1,500,000;

E. Award Plaintiff punitive damages in an amount not less than $350,000.00;

F. Award Plaintiff any and all reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b);

G. Award Plaintiff any and all expert fees, pursuant to 42 U.S.C. § 1988(c);

H. Award Plaintiff pre-judgment interest from July 22, 2018 until the day of judgment; and

I. Award Plaintiff any and all other relief the Court deems just and appropriate, including leave to amend the facts, add parties and claims, and amend damages sought as further evidence is obtained through discovery in this matter.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

Respectfully Submitted,

**JEFFREY HENDRICKS**
*Plaintiff*

By: _____/s/_____

Matthew J. Weinberg
VA Bar No. 88664
*Counsel for* Jeffrey Hendricks
Inman & Strickler, PLC
575 Lynnhaven Parkway, Suite 200
Telephone: (757) 486-7055
Facsimile: (757) 431-0410
mweinberg@inmanstrickler.com